IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00130-BNB

LEO SIMMONS,

      Applicant,
v.

CHAPDELAINE, et al., and
JOHN WILLIAM SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

ORDER TO FILE PRE-ANSWER RESPONSE

Applicant, Leo Simmons, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court reviewed the Application; determined that Applicant's claims were devoid of factual support as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; and instructed Applicant to file an Amended Application, which Applicant did on March 2, 2012.

Applicant sets forth three claims. Although in general the claims do not comply with Fed. R. Civ. P. 8, the Court finds that throughout the Amended Application, which is twenty-one pages long, Applicant has asserted claims that are properly raised in a habeas corpus action. Given Applicant's inability in a previous action to comply with the Court's order to submit a filing that is simple, concise, and direct, *see Simmons v. Clements, et al.*, No. 11-cv-01613-LTB, Doc. No. 19 (D. Colo. Dec. 28, 2011), *appeal dismissed*, No. 11-1571 (Feb. 28, 2012) (dismissed for lack of prosecution), the Court will refrain from instructing Applicant to file a second amended application.

In Claims One and Two, Applicant asserts that his rights to due process and effective assistance of counsel were violated as follows:

(1) trial court error in assessing aggravated bail without a hearing;

(2) trial court error in failure to give a seventy-two hour notice of the alleged restitution amount;

(3) trial counsel's failure to prepare for sentencing;

(4) trial counsel's failure to present accurate facts regarding the defense theory;

(5) trial counsel's failure to present significant mitigating evidence;

(6) conflict of interest with trial counsel;

(7) trial counsel's failure to consult a forensic or fingerprint expert;

(8) *Apprendi* violation by trial court in imposing sentence beyond presumptive range without finding by jury;

(9) *Brady* violation;

(10) Unanimity Instruction violation; and

(11) racial bias by the jury

In Claim Three, Applicant is challenging the conditions of his confinement. He is asserting the same claims he alleged in Case No. 11-cv-01613-LTB. Case No. 11-cv-01613 was dismissed because Applicant is subject to 28 U.S.C. § 1915(g) restrictions, he failed to assert imminent danger, and he did not pay the $350.00 filing fee in advance as required. Applicant may not now attempt to circumvent the § 1915(g) requirements by asserting conditions of confinement claims in a § 2254 action.

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this case, the Court has determined that a limited Pre-Answer Response is appropriate with respect to the eleven claims set forth

2

above. Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and to *Denson v. Abbott,* 554 F.Supp. 2d 1206 (D. Colo. 2008), to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). If Respondents do not intend to raise either of these affirmative defenses, they must notify the Court of that decision in the Pre-Answer Response. Respondents may not file a dispositive motion as their Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court. Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondents shall file a Pre-Answer Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, they must notify the Court of that decision in the Pre-Answer Response.

DATED March 5, 2012, at Denver, Colorado.

                              BY THE COURT:

                              s/ Boyd N. Boland
                              United States Magistrate Judge