IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00130-BNB

LEO SIMMONS,

    Applicant,

v.

CHAPDELAINE, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

## ORDER OF DISMISSAL

---

I.  Background

    Applicant, Leo Simmons, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the DOC correctional facility in Sterling, Colorado.  Mr. Simmons, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  On February 2, 2012, Magistrate Judge Boyd N. Boland entered an order that determined Mr. Simmons failed to assert the claims he intends to raise in this action and the specific facts to support each claim state.  Magistrate Judge Boland instructed Mr. Simmons to file an Amended Application, which he did on March 2, 2012.

    Mr. Simmons raises eleven claims challenging the validity of his conviction and sentence in Case No. 07CR1196 in the El Paso County District Court of Colorado.

Magistrate Judge Boland entered an order on March 5, 2012, directing Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On April 24, 2012, Respondents filed a Pre-Answer Response.  Mr. Simmons filed a Reply on May 25, 2012.

II.  Analysis

The Court must construe Mr. Simmons' Application and Reply liberally because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court finds the action is timely but will dismiss the action without prejudice for failure to exhaust state court remedies.

A.  28 U.S.C. § 2244(d) Time-Bar

Respondents concede that Mr. Simmons' Application is timely under 28 U.S.C. § 2244(d).

B.  State-Court Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  See *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (internal citation omitted).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents contend that Mr. Simmons' claims are unexhausted but that he still has a state court remedy to address his claims.  Although Mr. Simmons answers "yes" to the question on Page Five of the Amended Application that he has fairly presented his claims to the state's highest court, he does not address Respondents' arguments that he did not present any of the eleven claims in his direct appeal or properly exhaust his postconviction motion.

The Court has reviewed Mr. Simmons' opening brief in his direct appeal, the Colorado Court of Appeals' (CCA's) order dismissing the appeal, and the CCA's order dismissing Mr. Simmons' appeal of the district court's denial of this postconviction motions.  See Resp. at Exs. B, D, and G, Doc. Nos. 14-1, 14-2, and 14-7.  The claims Mr. Simmons raises in this action were not presented in the opening brief in his direct appeal.  Id. at Ex. B.  Also, the CCA did not address the merits of any claims Mr. Simmons raised in his postconviction motions.  Id. at Ex. G.  The CCA dismissed the appeal because the district court lacked jurisdiction to enter the orders denying the motions.  Id.

The claims presented in this action, therefore, are unexhausted, and Mr. Simmons may not proceed at this time in this Court with his habeas claims.  Mr. Simmons also is instructed that the time the instant action was pending in this Court does not toll the time under 28 U.S.C. § 2244(d).  See Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

III.  Conclusion

Based on the above findings, the Court will dismiss the instant Application without prejudice for failure to exhaust state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal.  See Coppedge v. United States, 369 U.S. 438 (1962).  If Mr. Simmons files a notice of appeal he must pay the full $455.00 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that a certificate of appealability shall not issue because Applicant has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  29th  day of    May    , 2012.

BY THE COURT:

 s/Lewis T. Babcock 
LEWIS T. BABCOCK, Senior Judge
United States District Court