IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00130-LTB

LEO SIMMONS,

    Applicant,

v.

CHAPDELAINE, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER DENYING MOTION FOR RECONSIDERATION

The matter before the Court is the Motion for Judicial Review and Reconsideration of Order of Dismissal (ECF No. 18) that Applicant Leo Simmons, a *pro se* prisoner litigant, filed on June 4, 2012.  Mr. Simmons seeks reconsideration of the Order entered on May 29, 2012, dismissing the instant action.  The Court must construe the Motion liberally because Mr. Simmons is proceeding *pro se.  See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will deny the Motion.

The Court dismissed the action because Mr. Simmons failed to exhaust the state court remedies available to challenge his state conviction.  The action was dismissed without prejudice.  A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*,

952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  See Fed. R. Civ. P. 59(e).  Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment.  *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990).  The Motion for Reconsideration was filed well within twenty-eight days of the final judgment in this action.  See Fed. R. Civ. P. 6(a).  The Motion, therefore, properly is filed pursuant to Rule 59(e).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion for reconsideration is appropriate where a court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion, Mr. Simmons makes a general statement that he has presented all of his claims to the highest state court.  He does not address, however, Respondents' specific arguments that he failed to present any of his eleven claims in his direct appeal or properly exhaust his postconviction motion.  The Court, therefore, concludes that Mr. Simmons fails to demonstrate some reason why the Court should alter or amend the May 29 Order of Dismissal in this action.  Accordingly, it is

ORDERED that Mr. Simmons' Motion for Reconsideration filed pursuant to Fed. R. Civ. P. Rule 59, ECF No. 18, is denied.

DATED at Denver, Colorado, this  6th  day of     June         , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court